15 F.3d 1083
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert Vincent CLOONEY, Plaintiff-Appellant,
v.
Gary P. EDWARDS, Thurston County Sheriff's Office; Allen
Plue, Chief Deputy, Thurston County Correction Faculty; Lt.
Tarver, Sheriff, Thurston County Correction Faculty, et al.,
Defendants-Appellees.
 No. 92-35434.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 17, 1993.*
Decided Jan. 20, 1994.
 
 Before: BROWNING, NORRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clooney sued prison officials under 42 U.S.C. Sec. 1983 for opening his legal mail outside of his presence. The district court granted summary judgment for the prison officials, denied Clooney's request for an extension of time for more discovery, and struck his amended complaint.
 
 
 3
 * Clooney has failed to present any evidence raising a genuine issue of material fact concerning any of the elements of his section 1983 claim. First, he has not advanced any evidence that Edwards, Plue, or Tanner performed any affirmative acts. These three appellees submitted affidavits saying that they had never opened any of Clooney's mail and had not instructed others to open Clooney's legal mail. Although appellee Guenzel admits in her affidavit that she inadvertently opened one letter, this is insufficient to establish a claim. Stevenson v. Koskey, 877 F.2d 1435, 1440-41 (9th Cir.1989).
 
 
 4
 Clooney has not filed adequate averments to contradict appellees. With regard to Edwards, Plue, and Tanner, appellant has merely asserted that they opened his legal mail or ordered that his legal mail be opened outside of his presence. Because he has offered no proof to support these assertions, he has not established a genuine issue of material fact for trial. See Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990) ("The object of [Fed.R.Civ.P. 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.").
 
 
 5
 Even if Clooney could show that the appellees, including Guenzel, opened his legal mail, he has shown no evidence of intent. Clooney argues that Edwards' intent to violate his constitutional rights is proven by his statement that, in substance: "Sex offenders' rights should not and must not be protected above the rights of children, if it takes bending the rules a little they should be bent, because they are the 'scum of the earth' and are 'bottom feeders in the ocean.' " However, this statement, which does not refer either to Clooney or to prisoners' rights regarding legal mail, is clearly not sufficiently connected to the facts of this case to raise the inference that Edwards intentionally deprived Clooney of his rights by ordering his legal mail to be opened.
 
 
 6
 Finally, Clooney presents no evidence of the intent of the other three appellees. Plue and Tanner deny opening any of Clooney's mail and state that if any of his legal mail was opened, it was an inadvertent mistake. Clooney has presented no evidence rebutting their statements. Guenzel admits inadvertently opening one envelope, but this does not meet the intent requirement necessary to prove a violation of section 1983. Stevenson, 877 F.2d at 1440-41. Clooney has presented no evidence suggesting that Guenzel intentionally opened his legal mail.
 
 II
 
 7
 The district court struck appellant's amended complaint because it bore little resemblance to the initial complaint. While the initial complaint named four defendants, the amended complaint named three classes of fourteen defendants. Furthermore, the amended complaint alleged new incidents of misconduct, theories of recovery, and requests for relief.
 
 
 8
 A district court does not abuse its discretion when it denies leave to amend a complaint because "[t]he new allegations would totally alter the basis of the action, in that they cover[ ] different acts, employees and time periods necessitating additional discovery." M/V American Queen v. San Diego Marine Constr., 708 F.2d 1483, 1492 (9th Cir.1983). Additionally, the fact that a motion for summary judgment was pending argues in favor of denying appellant's motion to amend his complaint. Id. Under these circumstances, the district court properly exercised its discretion in denying leave to amend the complaint.
 
 III
 
 9
 Clooney requested an extension to perform more discovery. However, Clooney has not shown how additional discovery would have helped him prove his case, describing neither how he would have pursued discovery nor what facts he expected to uncover. This failure not only supports the district court's denial of the motion, but also justifies the grant of summary judgment to the appellees. See British Airways Bd. v. Boeing Co., 585 F.2d 946, 954-55 (9th Cir.1978). Thus, the district court did not abuse its discretion in denying Clooney's request.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3